IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SHELTON LEE, | : | CIVIL ACTION NO. |
| GDC ID # 1145679, Case # 534293, | : | 2:13-CV-00141-RWS |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| BILLY BROWN, | : | PRISONER ACTION |
| Respondent. | : | FED. R. CIV. P. 60(d) |

**ORDER**

Movant has filed two essentially identical motions for reconsideration. (Docs. 17-18). The Court construes these motions jointly as a Fed. R. Civ. P. 59(e) motion to alter or amend its judgment (Docs. 15-16) dismissing Movant's complaint (Doc. 1). Movant has filed three related motions. (Docs. 19-21).

**I.     Fed. R. Civ. P. 59(e) Standard**

A Rule 59(e) motion for reconsideration is appropriate only in light of "(1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (noting that "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time" (internal quotations

AO 72A
(Rev.8/82)

omitted)); *see also United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003) (noting, in § 2255 context, same "three primary grounds for reconsideration of a judgment," and stating that movant "must demonstrate why the court should reconsider its decision and [must] set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision" (internal quotations omitted)). "Motions for reconsideration shall not be filed as a matter of routine practice," LR 7.2(E), NDGa, and "may not be used to present the court with arguments already heard and dismissed," or "to offer new legal theories or evidence that could have been presented" previously, "unless a reason is given for failing" to do so, *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (internal quotations omitted).

**II.    Discussion**

The Court previously explained that it may grant Rule 60(d)(3) relief to Movant only if he can establish by clear and convincing probative facts that the respondent in his 2009 federal habeas corpus action committed fraud upon this Court to induce the dismissal of that action. (*See* Doc. 15 at 2 & n.1). Because Movant failed to present any such evidence, the Court denied his Rule 60(d) motion. (*Id.* at 3).

In his motion for reconsideration, Movant argues that this Court erred in denying his Rule 60(d) motion because various parties, including at least one state court judge,

2

committed fraud with respect to the "jury patent" at his state criminal trial. This fraud, Movant argues, allowed the jury to convict him based on evidence proven only under a preponderance standard, but not beyond a reasonable doubt. (*See generally* Docs. 17-18).

This argument fails here. Movant does not refer to newly discovered evidence or an intervening change in the controlling caselaw. He thus bases his Rule 59(e) motion on "the need to correct a clear error or prevent manifest injustice." *See Jersawitz*, 71 F. Supp. 2d at 1344. But Movant has not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Battle*, 272 F. Supp. 2d at 1357. He once again seeks relief from fraud that he alleges occurred not here but in state court. He thus has not demonstrated clear error or manifest injustice in this Court's previous order.

## III. Conclusion

Movant's motions for reconsideration (Docs. 17-18) are **DENIED**. Also **DENIED** are Movant's three related motions: (1) his motion for appointment of counsel to represent him in this Rule 60(d) action (Doc. 19), as moot; (2) his motion for leave to proceed *in forma pauperis* on appeal (Doc. 20), because the motion is not in the proper form and because Movant has presented no issue for appellate review that

3

is not frivolous, so that the Court **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that his appeal is not taken in good faith; and (3) his motion for a certificate of appealability (Doc. 21), as unnecessary, because only a federal habeas corpus petitioner requires a certificate to appeal from the decision of a federal district court.

**IT IS SO ORDERED** this  24th  day of October, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE